Richard L. Healer[1] & others[2] *vs.* Department of
Environmental Protection & others.[3]

No. 07-P-1153.

Suffolk. May 5, 2008. - February 23, 2009.

Present: Grasso, Trainor, & Wolohojian, JJ.

*Department of Environmental Protection. Wetlands Protection Act. Municipal Corporations,* Conservation commission, By-laws and ordinances. *Jurisdiction,* Administrative matter. *Administrative Law,* Judicial review. *Moot Question.*

In a civil action seeking judicial review of a decision of the Department of Environmental Protection (department) issuing a superseding order of conditions approving the construction of a sewer line and also issuing a superseding determination that certain property did not qualify as wetlands resources subject to the Wetlands Protection Act, G. L. c. 131, § 40 (act), for purposes of the construction of a sewage treatment facility, the judge erred in dismissing the plaintiffs' complaint on the ground that the department's alleged lack of jurisdiction in the matter rendered the appeal moot, where, although a local bylaw was more stringent than the act, the department had jurisdiction to review an earlier decision of the local conservation commission to allow construction of the sewer collection and treatment system, as that decision was based on the act, not on the specifics of the more rigorous provisions of the bylaw. [716-719]

Civil action commenced in the Superior Court Department on February 17, 2006.

A motion to dismiss was heard by *Geraldine S. Hines,* J.

[1]Individually, as cotrustee of the Healer Nominee Trust, and as trustee of the trust under the will of Harry J. Healer.

[2]Warren C. Healer and H. Janet Healer, individually and as cotrustees of the Healer Nominee Trust; Harry J. Healer, Jr., individually, as cotrustee of the Healer Nominee Trust, and as trustee of the trust under the will of Harry J. Healer; Eleanor Maurer, Michael Spellman, Tracey Spellman, Paul J. Byrne, Steven M. Cross, Kenneth S. Johnson, Rosemary Johnson, Carla H. Healer, Lionel Barry Evans, Eleanor M. Evans, John J. Maurer, Frances Maurer, and Jonathan L. Snyder, individually and as members of the Falmouth Residents for Fair Sewage Treatment; and John V. Hanscom, individually, as executor of the will of Helen F. Hanscom, and as a member of the Falmouth Residents for Fair Sewage Treatment.

[3]Executive Office of Environmental Affairs and the town of Falmouth.

*Alexander M. Joyce* for the plaintiffs.

*Annapurna Balakrishna*, Assistant Attorney General, for Department of Environmental Protection.

*Frank K. Duffy, Jr.*, Town Counsel, for town of Falmouth.

*Alexandra D. Dawson*, for Massachusetts Association of Conservation Commissions, amicus curiae, submitted a brief.

TRAINOR, J. This is an appeal from an amended judgment of the Superior Court, which, in pertinent part, dismissed the plaintiffs' complaint seeking judicial review, pursuant to G. L. c. 30A, § 14(7), of a final decision issued by the Department of Environmental Protection (DEP). The Superior Court judge determined that since the DEP had no jurisdiction in this matter, the plaintiffs' claim seeking review of the DEP's final decision was moot. We disagree and vacate that portion of the amended judgment which dismisses the plaintiffs' complaint.[4]

*Facts.* This dispute arose from the town of Falmouth's (town) plan to construct a sewer collection and treatment system in the New Silver Beach section of the town. The system would collect sewer effluent from 210 homes in that area, transport it to a treatment facility, and finally discharge it into an adjacent leaching field. The plaintiffs contended that the treatment facility and leaching field would be located in close proximity to a vernal pool protected by the Wetlands Protection Act, G. L. c. 131, § 40 (act), and attendant regulations. On January 9, 2002, the town, as required by the act and local by-law, filed with the town's conservation commission (commission) a notice of intent to build the system and facility. Pursuant to the act, the town also submitted a copy of the notice to the DEP. The commission issued an order of conditions (order of conditions or permit) approving the project. The commission determined that the project was permissible under both the local by-law and the act as a redevelopment of a previously developed buffer zone to a vernal pool. The commission also found that the project would add to the over-all improvement of the area, as provided under the local by-law.

The plaintiffs appealed the commission's issuance of a permit

---

[4]We acknowledge the amicus brief of the Massachusetts Association of Conservation Commissions.

to the DEP, requesting that the DEP determine the applicability of the act and alleging that the property was protected under it.

While awaiting a potential superseding order of conditions from the DEP, on August 15, 2002, the plaintiffs simultaneously sought certiorari review of the commission's order of conditions in the Superior Court. See G. L. c. 249, § 4. A judge of that court upheld the commission's approval of the project, and that judgment was subsequently affirmed by this court in an unpublished memorandum and order pursuant to our rule 1:28. *Healer* v. *Conservation Commn. of Falmouth*, 63 Mass. App. Ct. 1117 (2005).

In December, 2002, when the certiorari action was pending in the Superior Court, the DEP issued a superseding order of conditions approving the construction of the sewer line and a superseding determination of applicability for construction of the treatment facility. The DEP concluded that the parcel did not qualify as wetlands resources subject to the protection of the act. The plaintiffs appealed this decision to the DEP's office of administrative appeals. An administrative magistrate conducted a hearing and issued a recommended final decision in October, 2005, affirming the DEP's decision. Less than a month later, the commissioner of the DEP adopted the magistrate's decision. The plaintiffs filed a motion for reconsideration, which was denied.

The plaintiffs next appealed the DEP's final decision to the Superior Court, pursuant to G. L. c. 30A, § 14. The town moved to dismiss the appeal, arguing that the plaintiffs' claim seeking review of the DEP's final decision was moot and barred by principles of res judicata.

Granting the town's motion to dismiss, the judge determined that the DEP could not issue a superseding order of conditions because the town's by-law was more stringent than the act, and therefore, the DEP did not have jurisdiction and any review of the DEP's decision by the Superior Court was moot. This appeal followed.

*Discussion.* The act was created to protect wetlands from destructive intrusion. *Southern New England Conference Assn. of Seventh-Day Adventists* v. *Burlington*, 21 Mass. App. Ct. 701, 706 (1986). It "has no concern for particular land uses," and if

a parcel is properly described as wetlands, "all use is barred (or limited to activities compatible with the wetlands) without regard for the type of use intended . . . ." *Ibid.* The act, and its attendant regulations, "established a comprehensive scheme of administrative action and remedies with local authorities, i.e., conservation commissions, making the initial review [of restrictions on an owner's house or wetlands] 'for the familiar purposes of bringing local knowledge to bear on local conditions and reducing the administrative burden on [the DEP].' " *Department of Envtl. Quality Engr.* v. *Cumberland Farms of Conn., Inc.,* 18 Mass. App. Ct. 672, 675-676 (1984), quoting from *Hamilton* v. *Conservation Commn. of Orleans,* 12 Mass. App. Ct. 359, 368 (1981). The act was amended in 1972 to expand the power of local authorities by no longer restricting them merely to making recommendations concerning wetlands protection. *Hamilton* v. *Conservation Commn. of Orleans, supra* at 366. Local authorities were allowed to "impose such conditions as will contribute to the protection of the interests described [in the act]" and to require that "all work shall be done in accordance" with the conditions they might impose. G. L. c. 131, § 40, eighteenth par., inserted by St. 1972, c. 784. The act "establishes minimum Statewide standards leaving local communities free to adopt more stringent controls." *Golden* v. *Selectmen of Falmouth,* 358 Mass. 519, 526 (1970). See *Lovequist* v. *Conservation Commn. of Dennis,* 379 Mass. 7, 14-15 (1979).

This delegation of limited but autonomous power to the local authorities did not, however, "divest the Commonwealth of its right to the final say on project applications decided on the basis of those interests recited [in the act]. To the contrary, we read the 1972 amendment to [the act] as expressly reserving this right to the Commonwealth, acting through the [DEP]." *Hamilton* v. *Conservation Commn. of Orleans, supra.* The act is clear that "[an] applicant, any person aggrieved by [a conservation commission's] order . . . , or any ten residents of the city or town in which said land is located, may . . . request the [DEP] to" redetermine the application of the act to the subject property. G. L. c. 131, § 40, nineteenth par., as amended through St. 1990, c. 177, § 234. The DEP, upon making the requested redetermination, may "impose such conditions as will contribute

to the protection of the interests described in [the act]," and any "[s]uch order shall supersede the prior order of the conservation commission . . . and all work shall be done in accordance" with the DEP order. *Ibid.*

A local authority has final determination regarding project applications when it acts pursuant to an ordinance or by-law which provides more stringent requirements than those provided by the act. See *Golden* v. *Selectmen of Falmouth*, 358 Mass. at 525-526; *DeGrace* v. *Conservation Commn. of Harwich*, 31 Mass. App. Ct. 132, 135 (1991). When a local authority rests its decision on a by-law or ordinance "that provides greater protection than the act, its decision cannot be preempted by a DEP superseding order." *FIC Homes of Blackstone, Inc.* v. *Conservation Commn. of Blackstone*, 41 Mass. App. Ct. 681, 687 (1996).

The town in this case argued that the DEP lacked the power to supersede the commission's decision because that decision was based on the more stringent local by-law. According to the town, the Superior Court could not review the DEP's decision because the commission's decision controlled and the DEP never had jurisdiction. The Superior Court judge determined that, since the town's by-law imposed a more rigorous regulatory scheme than the act, the commission's decision could not be superseded by any DEP decision. As a result, the Superior Court judge determined that any claim for review of the DEP final decision was moot. This determination, however, was error.

A local authority exercises permissible autonomous decision-making authority only when its decision is based exclusively on the specific terms of its by-law which are more stringent than the act.[5] The more stringent provisions of a local by-law provide an independent basis for an autonomous local decision. The denial of a permit, or the requirement of additional conditions, may be based on the independent basis of the more stringent provisions of the local by-law. See, e.g., *T.D.J. Dev. Corp.* v. *Conservation Commn. of N. Andover*, 36 Mass. App. Ct. 124 (1994). The simple fact, however, that a local by-law provides a more rigorous regulatory scheme does not preempt a redetermination of the local authority's decision by the DEP except to the extent that the local

[5]Typically, this would occur when a local by-law's more stringent provisions would prevent the development of potential wetlands.

decision was based exclusively on those provisions of its by-law that are more stringent and, therefore, independent of the act. Notwithstanding this fact, the DEP otherwise maintains the right to redetermine the local decision's application of provisions of the act.

This was not the situation in the case before us because, although provisions of the town's wetlands by-law are in fact more stringent than the act, the commission's decision to allow the project had nothing to do with the specifics of the more rigorous provisions of its regulatory scheme. The commission approved the project based on the contents of the act, and the basis of such a decision is always reviewable by the DEP. "[W]here a local authority disapproves a proposed project pursuant to a by-law or ordinance which provides greater protection than [the act], the applicant has no right to seek [the DEP's] approval of the project on the basis that it would be acceptable under the [act]. . . . Where, however, the local authority approves or disapproves an application under [the act], the Commonwealth, through the [DEP], has the final word." *Hamilton* v. *Conservation Commn. of Orleans,* 12 Mass. App. Ct. at 368. See G. L. c. 131, § 40, nineteenth par.

The DEP had jurisdiction to review the commission's application of the act and appropriately exercised its authority to issue its final decision. Therefore, the plaintiffs' claim seeking review of the DEP's final decision was not moot.[6] We vacate that part of the amended judgment dismissing the plaintiffs' complaint seeking review of the DEP's final decision and remand the case to the Superior Court to be determined in conformity with this opinion.[7,8]

*So ordered.*

---

[6] We agree with the Superior Court judge's determination that principles of res judicata did not bar the plaintiffs' claim. We reject the town's contention that the plaintiffs lacked standing to advance the present claim for the reason, if no other, that the act provides that such claims may be brought by any ten residents of the town or city in which the land at issue is located. See G. L. c. 131, § 40, nineteenth par.

[7] That portion of the amended judgment which dismissed the town's counterclaims asserting malicious prosecution and abuse of process pursuant to plaintiffs' special motion to dismiss was not appealed. See G. L. c. 231, § 59H ("anti-SLAPP" statute).

[8] Although we have determined that the claim seeking review of the DEP final decision is not moot, we do not intend to suggest that the claim has any

merit. It is entirely within the province of the Superior Court judge to make that determination in the first instance, just as it is for the judge to determine whether the claim was pursued in good faith given the fact that the project has already been approved by the commission and the DEP, and the issuance of the permit under the town's by-law has already been reviewed and approved by this court.