NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

15-P-1437                                    Appeals Court

  KENNETH TODD NELSON  vs.  CONSERVATION COMMISSION OF WAYLAND.


No. 15-P-1437.

Middlesex.     May 16, 2016. - August 31, 2016.

Present:  Rubin, Milkey, & Neyman, JJ.


Zoning, By-law, Wetlands.  Municipal Corporations, Conservation
     commission, By-laws and ordinances.  Practice, Civil,
     Action in nature of certiorari.


     Civil action commenced in the Superior Court Department on
December 3, 2014.

     The case was heard by Peter B. Krupp, J., on a motion for
judgment on the pleadings.


     George F. Hailer for the plaintiff.
     Mark J. Lanza for the defendant.


     RUBIN, J.  The plaintiff[1] appeals from a judgment of the

Superior Court affirming a determination by the conservation

commission of Wayland (commission) that there are wetlands on

_____

     [1] The plaintiff is the successor in interest to a purchase
and sale agreement for the property, which is an unimproved lot
at 8 Hill Street in Wayland.

his property.[2]  That determination was made under Wayland's

wetlands and water resources protection by-law.  See chapter 194

of the Wayland town code (2015) (by-law).  Under the by-law's

definition, wetlands are protected more broadly than they are

under the Wetlands Protection Act and the accompanying

regulations.  See § 194-1 of the by-law ("The purpose of this

chapter is to provide a greater degree of protection of

wetlands, buffer zones, and related water resources, than the

protection of these resource areas provided under [G. L.]

c. 131, § 40, and the Wetlands Regulations promulgated

thereunder by the Massachusetts Department of Environmental

Protection").  Compare § 194-2 of the by-law, with G. L. c. 131,

§ 40, and 310 Code Mass. Regs. §§ 10.01 et seq. (2014).

The plaintiff agrees that the town has the authority to

provide such broader protection, but argues that the

commission's decision here was not supported by substantial

evidence.  The plaintiff brought an action in the nature of

certiorari (G. L. c. 249, § 4) in the Superior Court.  The

plaintiff moved for judgment on the pleadings pursuant to

Mass.R.Civ.P. 12(c), 365 Mass. 754 (1974).  The judge denied the

---

[2] The commission held a three-session public hearing on the plaintiff's request for a determination that there are not wetlands on his property.  Testimonial, documentary, and photographic evidence was presented.  Site visits were also conducted.

motion and upheld the commission's decision.  This appeal followed.

The commission made two findings supporting its conclusion that the property at issue contains wetlands within the meaning of the by-law.  These findings, in full, provide that "[p]lants including [r]ed [m]aple, American [e]lm, skunk cabbage, and other hydrophilic vegetation comprise at least 50% of the vegetational community."  Further, "[r]unoff water from surface drainage frequently collects above the soil surface."

Section 194-2 of the by-law defines "wetland" as "[w]et meadows, marshes, swamps, bogs, and other areas where groundwater, flowing or standing surface water or ice provide a significant part of the supporting substrate for a hydrophilic plant community, or emergent and submergent plant communities in inland waters."

The commission argues that the its findings mean that the property contains a wetland falling within the "catch-all" portion of the definition of wetland, specifically an "other area[] where groundwater, flowing or standing surface water or ice provide a significant part of the supporting substrate for a hydrophilic plant community."

We defer to the commission's reasonable construction of the by-law.  See generally Fafard v. Conservation Commn. of Reading, 41 Mass. App. Ct. 565, 572 (1996) ("Although the commission is

entitled to all rational presumptions in favor of its interpretation of its own by-law, there must be a rational relation between its decision and the purpose of the regulations it is charged with enforcing").  We understand the commission to have concluded that where "[r]unoff water from surface drainage frequently collects above the soil surface" and "hydrophilic vegetation comprise[s] at least 50% percent of the vegetational community," then "standing surface water . . . provide[s] a significant part of the supporting substrate for a hydrophilic plant community" within the meaning of the by-law's definition of a wetland.

That construction is reasonable.  The definition of swamp, one subcategory of wetland under the by-law, is "[a]n area . . . where runoff water from surface drainage frequently collects above the soil surface and where at least 50% of the vegetational community is made up of, but is not limited to nor necessarily includes all of, the following plants or groups of plants:  . . . American or white elm, . . . red maple, skunk cabbage . . . ."[3]  § 194-2 of the by-law.  This part of the by-

---

[3] The commission made no finding that any area of the property constituted a "swamp," perhaps because the by-law definition of swamp does not include "other hydrophilic vegetation," within its list of qualifying vegetation.  Rather it contains a finite list of vegetation.  Some of the vegetation found by the abutter's consultant on the property is not on that list.  Whether or not the commission could have found that the property contained "swamp" within the meaning of the by-law, the

law demonstrates that a construction of the by-law is reasonable under which, where there is a hydrophilic plant community, "runoff water from surface drainage frequently collect[ing] above the soil surface" renders "standing surface water . . . a significant part of the supporting substrate" for that community within the meaning of the by-law.

Likewise, in light of the fifty percent threshold utilized in the definition of swamp, it is reasonable to construe the phrase "hydrophilic plant community" as it is used in the by-law to include property on which "hydrophilic vegetation comprise[s] at least 50% percent of the vegetational community."

Given the commission's reasonable construction of the catch-all provision, the judgment below must be affirmed if there was substantial evidence supporting the commission's two findings, as those findings suffice to bring the property within the definition of property containing wetland under the by-law. See Lovequist v. Conservation Commn. of Dennis, 379 Mass. 7, 17-18 (1979) (conservation commission decision reviewed for substantial evidence). See also Dubuque v. Conservation Commn. of Barnstable, 58 Mass. App. Ct. 824, 828-829 (2003) (to overturn commission's decision, plaintiff must show that

commission does not defend its decision on this ground, and we do not decide the issue.

commission's decision was arbitrary and capricious or unsupported by substantial evidence).

In claiming that the commission's decision is not supported by substantial evidence, the plaintiff argues first that the commission erred in determining that runoff water "frequently" collects on the property. The abutter's consultant stated in her report, which was in evidence before the commission, that "several times throughout the year . . . . [w]ater flows across the site as sheet flow and ponds within the numerous small depressions." Again, we defer to the commission's construction of its own by-law as long as it is reasonable. Its interpretation of the by-law to mean that pooling "several times throughout the year" amounts to "frequent" pooling sufficient to meet the by-law requirement that "standing surface water . . . provide[s] a significant part of the supporting substrate for a hydrophilic plant community" is not unreasonable. As described, there is substantial evidence of such pooling.

Likewise, the plaintiff's expert's statement that "[p]ortions of the site contain a predominance of wetland indicator species (largely facultative red maple trees)" and the abutter's expert's statement that the property contains "a clear predominance of wetland indicator plants," including red maple, American elm, and skunk cabbage, amount to substantial evidence in support of the finding by the commission that over fifty

percent of the vegetational community is made up of hydrophilic plants.

The plaintiff argues finally that the absence of hydric soil on the property strongly detracts from a finding that there are wetlands and requires a conclusion that the commission's decision was not supported by substantial evidence. Although the presence of hydric soil may be relevant to whether property contains a protected wetland under State and Federal law, the definition in the by-law permits the conclusion that a wetland exists despite the absence of hydric soil. Contrast 7 C.F.R. § 12.2(a) (2016) (wetland defined to require "predominance of hydric soils"); 310 Code Mass. Regs. § 10.55(1) (2014) (hydric soil characteristics relevant in some circumstances to a finding of inundated or saturated conditions necessary to the existence of a wetland under State-law definition). Since there was substantial evidence to support the commission's decision, the judgment below is affirmed.

So ordered.