Oyster Creek Preservation, Inc., & others[1] *vs.* Conservation Commission of Harwich.

Barnstable. September 6, 2007. - October 23, 2007.

Present: Marshall, C.J., Greaney, Ireland, Spina, Cordy, & Botsford, JJ.

*Municipal Corporations,* Conservation commission, By-laws and ordinances. *Wetlands Protection Act. Administrative Law,* Time of decision.

Where the defendant town conservation commission (commission) issued its denial of the plaintiff's request for permission to conduct a certain dredging project after the expiration of the twenty-one day period mandated by the Wetlands Protection Act as well as the town bylaw (as evidenced by the postmark on the decision dated twenty-four days after the closure of the commission's public hearing on the project), the denial was without effect [862-864], and the plaintiff was entitled to proceed on the project pursuant to a superseding order of conditions that the Department of Environmental Protection had issued [864-866].

Civil action commenced in the Superior Court Department on October 20, 2003.

The case was heard by *Richard F. Connon,* J., on motions for judgment on the pleadings.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Mary L. Giorgio (Jeffrey T. Blake* with her) for the defendant.

*James H. Quirk, Jr. (Lisa DeBrosse Johnson* with him) for Oyster Creek Preservation, Inc.

*Peter J. Feuerbach & Amy E. Kwesell,* for Henry E. Davidson & others, amici curiae, submitted a brief.

Botsford, J. The principal issue in this case is the effect of a conservation commission's failure to issue its decision denying a requested order of conditions within the statutorily prescribed time period.[2] The plaintiff Oyster Creek Preservation, Inc. (OCP),

---

[1]Richard Harris, Ellen Harris, and James Regan.

[2]We acknowledge receipt of the amicus brief of Henry E. and Mary Ann

seeks permission to dredge Allen's Harbor Inlet, also called Oyster Creek (Oyster Creek), in the town of Harwich (town). On July 5, 2003, OCP filed a notice of intent with the town's conservation commission (commission), seeking an order of conditions allowing it to dredge Oyster Creek to improve boat access. The commission eventually denied the order of conditions, invoking both regulations promulgated pursuant to the Wetlands Protection Act (act), and the town's wetlands protection bylaw (town bylaw). In a decision on the plaintiffs' appeal from the denial, a judge in the Superior Court concluded that the commission's decision was preempted by a superseding order of conditions that had been issued by the Department of Environmental Protection (DEP), because, the judge determined, the town bylaw and its implementing regulations were not more stringent than the act. The judge noted the failure of the commission to issue its denial within the prescribed twenty-one day period, but did not base his decision on the point. In an unpublished memorandum and order pursuant to its rule 1:28, the Appeals Court affirmed the Superior Court judgment, also without reaching the question of the commission's timeliness in issuing its denial. *Oyster Creek Preservation, Inc.* v. *Conservation Comm'n of Harwich*, 67 Mass. App. Ct. 1105 (2006).

We granted the commission's application for further appellate review. We conclude that the commission's denial, issued after the expiration of the twenty-one day period mandated by the act as well as the town bylaw, is without effect, and for this reason, the DEP's superseding order of conditions controls. We affirm the judgment of the Superior Court in part.

1. *Background.* The pertinent facts are these. In response to OCP's July 5, 2003, notice of intent for the Oyster Creek dredging project, the commission held a public hearing, as it was required to do under the act and the town bylaw. See G. L. c. 131, § 40. The public hearing commenced at the commission's meeting on July 15, 2003, and was continued to August 5, with the consent of OCP. On August 5 and then on August 19, the commission

Davidson, and Lawrence and Mary McKevitt. The plaintiff, Oyster Creek Preservation, Inc. (OCP), has moved to strike the brief, pointing out that the Appeals Court granted its motion to strike when the case was before that court. We decline to strike the brief.

heard the matter, on each date accepting additional evidence and voting to continue the hearing to receive more information, again with the consent of OCP. At the close of the fourth hearing, held on September 16, the commission voted unanimously to close the public hearing.

Thereafter, on September 29, 2003, the commission received a letter from an attorney representing Henry E. and Mary Davidson, and Lawrence and Mary McKevitt, abutting property owners on the south side of Oyster Creek: the letter expressed concerns about the proposed project's impact on the abutters' land. At its next meeting held on September 30, the commission voted unanimously to reopen the public hearing on the Oyster Creek dredging project to accept the abutters' letter in evidence. This vote was followed directly by another vote to close the hearing to further evidence, and the commission then voted unanimously to deny the dredging project and order of conditions.

OCP appealed to the DEP pursuant to the act for a superseding order of conditions on October 8, 2003, twenty-two days after the commission had first closed the public hearing. On October 9 or 10, 2003, the commission issued its written decision denying the requested order of conditions.[3] In that decision, the commission divided its statement of reasons for denial into two parts. The first part considered the proposed project in relation to the act and set out specific findings that referenced and were based on particular regulations that the DEP promulgated under the act. In the second part, the commission purported to review the project under the town bylaw and its implementing regulations.[4]

Following the issuance of the commission's denial, OCP and

---

[3]There is disagreement among the parties about the exact date the commission "issued" its decision. This question is discussed *infra*.

[4]This portion of the decision read as follows:

"DENIAL — Harwich Wetland Protection Regulations

"1.12 Procedures

"Section 2(a)(1)(3) — The applicant did not prove to the satisfaction of the Commission that the proposed work is not significant to the protection of the interests identified in 1.01 Purpose — Land Containing Shellfish. In addition, the applicant failed to show that the proposed

three of its individual members initiated this action in the Superior Court on October 20, 2003. The plaintiffs' complaint included a count seeking review in the nature of certiorari of the commission's decision pursuant to G. L. c. 249, § 4, but also included a count for declaratory relief and one alleging violation of the State open meeting law, G. L. c. 30A, § 11A 1/2.[5] The commission filed the administrative record as its answer, and thereafter, the parties filed cross motions for judgment on the pleadings.[6] After hearing, the judge granted the plaintiffs' motion and denied the commission's cross motion. The judge concluded that the town bylaw was no more stringent that the act, and ruled that the DEP's superseding order of conditions preempted the commission's decision.

2. *Discussion.* The act sets out a comprehensive scheme to govern activities, work, or projects that entail the removal, filling, dredging, or altering of wetlands and lands bordering waters. G. L. c. 131, § 40. The act requires any person who seeks to undertake such a project to file a notice of intent with the appropriate conservation commission or other official, with a copy

---

project would not have an adverse impact of either an immediate or a cumulative nature upon the interests of the By-Law.

"1.16 Appendix (6)

"The plans do not meet the minimum requirements of the Conservation Commission."

[5]In their respective decisions, the Superior Court judge and the Appeals Court only considered the count of the plaintiffs' complaint that sought review in the nature of certiorari (count III). The Superior Court judgment, however, also granted the plaintiffs a judgment declaring that the commission had constructively granted the plaintiffs' notice of intent, and further adjudged the commission in violation of the open meeting law. Like the other two courts, we focus on the plaintiffs' count brought pursuant to G. L. c. 249, § 4, but address briefly the other two counts of the complaint at the end of this opinion.

[6]Before these motions were heard, the DEP issued a superseding order of conditions on January 7, 2005, approving OCP's proposed dredging project subject to certain conditions. On motion of the plaintiffs in the Superior Court, the DEP's superseding order of conditions was added to the administrative record. The DEP's order points out that the dredging project being approved would involve a substantial reduction in the volume of dredging to be done as compared to the proposal OCP originally had presented to the commission, and that OCP had eliminated entirely the proposed marsh construction and vinyl sheet toe wall. These last two aspects of the original project proposal were the primary points of concern expressed by the abutters in their letter sent to the commission on September 29, 2003.

to the DEP, and then mandates that the conservation commission hold a public hearing on the proposed project within twenty-one days after receiving the notice. *Id.* The act further prescribes that the conservation commission "shall . . . within twenty-one days of such hearing" issue a written order that imposes conditions on the proposed work to be done (including denial of the project), or that determines no conditions are necessary. This twenty-one day time limitation on the commission's decision is repeated in the town bylaw.[7]

The commission contends that its decision complied with the statutory and town bylaw time requirements because the public hearing on the OCP dredging project did not close until September 30, 2003. The argument fails. The record shows that the commission voted to close the public hearing on September 16, 2003. While the town bylaw allows for the continuance of a public hearing in certain defined circumstances, none of those circumstances obtained in this case.[8] Furthermore, there is no

---

[7]Section 5.4 of the town bylaw provides: "The [c]ommission shall issue its Determination or permit in writing within 21 days of the close of the public hearing or receipt of the File Number issued by the [DEP], whichever is later, unless an extension is authorized in writing by the applicant." There is no contention made in this case that receipt of the DEP file number occurred after September 16, 2003.

[8]Section 5.6 of the town bylaw provides:

"Public hearings may be continued as follows:

"1. without the consent of the applicant to a date, announced at the hearing, which continued date shall be within 21 days of receipt of the Notice of Intent.

"2. with the consent of the applicant, to an agreed-upon date, which shall be announced at the hearing; or

"3. with the consent of the applicant for a period not to exceed 21 days after the submission of a specified piece of information or the occurrence of a specified action. The date, time and place of said continued hearing shall be publicized in accordance with [G. L. c. 131, § 40], and notice shall be sent to any person at the hearing who so requests in writing."

There is no evidence that OCP, as the applicant, consented to a continuance of the public hearing beyond September 16, either generally or to accommodate the submission of some identified piece of information or the occurrence of an identified action. Indeed, the commission contends that the hear-

provision in the town bylaw for reopening a public hearing that the commission has already voted to close. September 16, 2003, is therefore the beginning date for measuring the twenty-one day limitations period.

The commission's alternate argument is that even if September 16 is the operative beginning date, the commission issued its denial within the requisite twenty-one days because the date of issuance was October 7, exactly twenty-one days after September 16. The record is to the contrary. The commission's decision expressly states in four separate places that the date of issuance is October 9, 2003, which is twenty-three days after September 16.[9] Moreover, the applicable DEP wetlands protection regulations define the date that an order is issued as "the date an [o]rder is mailed, as evidenced by a postmark." 310 Code Mass. Regs. § 10.04 (1997). The record here is clear that the commission's decision carried a postmark dated October 10, 2003, twenty-four days after September 16.[10]

Given that the commission's decision was not timely, what is the remedy? Here and in the Superior Court, the plaintiffs' position — which the Superior Court judge incorporated into the judgment — is that the failure of the commission to meet the twenty-one day time requirement results in the constructive grant of OCP's notice of intent. We disagree. The act contains no provision deeming a notice of intent granted if a decision on that notice of intent is not issued within twenty-one days.[11]

ing closed on September 16 precisely because OCP refused to agree to another continuance.

[9]The significance of October 7 is that it appears to be the date the commission's chairman signed the decision and had his signature notarized.

[10]The commission argues that while the town bylaw requires the issuance of a written decision within twenty-one days after a public hearing has closed, the bylaw does not require that the applicant be notified of the decision or that it be mailed within twenty-one days. The point is debatable, since the town bylaw may be read as having incorporated the definition of "date of issuance" set out in the DEP regulation, 310 Code Mass. Regs. § 10.04 (1997). However, it is not necessary to determine whether the commission is bound by the definition of "date of issuance" in the DEP regulation, because the record is clear that the commission itself has identified the date it issued its decision as October 9, 2003, which is more than twenty-one days after September 16.

[11]Contrast, e.g., G. L. c. 40A, § 9 (failure of special permit granting author-

Rather, the act instructs an applicant aggrieved by a conservation commission's failure to act within the requisite time to seek relief from the DEP. G. L. c. 131, § 40. Thus, the act states that

> "if a [local conservation] commission, after holding such a hearing has failed within twenty-one days therefrom to issue an order . . . any person aggrieved by said commission's . . . failure to act . . . may, . . . within ten days from said commission's . . . failure to act, request the [DEP] to determine whether the area on which the proposed work is to be done is significant [to interests protected by the act] . . . . Upon receipt of such request the [DEP] shall make the determination requested and shall by written order . . . impose such conditions as will contribute to the protection of the interests described herein . . . . Such order shall supersede the prior order of the conservation commission . . . and all work shall be done in accordance therewith . . . ."

*Id.* The import of this provision is that where a conservation commission does not issue its decision within the required twenty-one day period and the applicant appeals to the DEP, it is the DEP's superseding order that controls; any late-issued decision of the commission is without effect.

The failure of a conservation commission to issue a timely decision presents a different case than one in which the commission is timely with its decision but rests its determination on provisions of a local bylaw that are more protective than the act. In the latter case, a superseding order of conditions issued by the DEP cannot preempt the conservation commission's bylaw-based determination. See, e.g., *Rodgers* v. *Conservation Comm'n of*

---

ity to take final action on application for special permit within ninety days or agreed extended time "shall be deemed to be a grant of the special permit"); G. L. c. 40A, § 15 (failure of zoning board of appeals to act within specified time deemed grant of appeal); G. L. c. 40B, § 21 (failure of zoning board of appeals to act on application for comprehensive permit within specified time deemed allowance of application). These other types of land use statutes demonstrate that if the Legislature had intended an applicant to receive a constructive grant of the permit or approval sought, the Legislature would have specifically so provided. See *Anderson Street Assocs.* v. *Boston*, 442 Mass. 812, 817-818 (2004).

Barnstable, 67 Mass. App. Ct. 200, 206 (2006); *FIC Homes of Blackstone, Inc.* v. *Conservation Comm'n of Blackstone*, 41 Mass. App. Ct. 681, 686-687 (1996). This rule is based on the recognition that the act establishes Statewide minimum wetlands protection standards, and local communities are free to impose more stringent requirements. See *Golden* v. *Selectmen of Falmouth*, 358 Mass. 519, 526 (1970). See also 310 Code Mass. Regs. § 10.01(2) (2005) ("nothing contained herein should be construed as preempting or precluding more stringent protection of wetlands or other natural resource areas by local by-law, ordinance or regulation"). But the timing provisions in the act are obligatory, and a local community is not free to expand or ignore them. Thus, where a conservation commission issues its decision after the statutory deadline, it is appropriate that it should lose the right to insist on the provisions of its local bylaw, and that any superseding order issued by the DEP should apply in its stead. Accordingly, in this case, the superseding order of conditions issued by the DEP on January 7, 2005, governs OCP's proposed dredging project, and OCP is entitled to proceed in accordance with the terms of that order.[12]

3. *Conclusion.* We affirm the judgment of the Superior Court to the extent it declares that the proposed dredging project is effectively governed by the DEP's superseding order of conditions. The other two aspects of the Superior Court judgment

---

[12]Given this conclusion, it is not necessary for us to reach the question, discussed at some length in the decisions of the Superior Court judge and the Appeals Court, whether the town bylaw is more stringent or protective than the act. We express no opinion on this point. However, we do agree with the Appeals Court's concern about the commission's vague and general reference to the town bylaw, and that court's observation that "if a town conservation commission simply refers to a by-law without providing any indication that it actually relied on it or how it did so, any comparison of the statute and the by-law to determine which is more protective is rendered difficult or impossible. A town's by-law may contain some exceptionally protective provisions, and a commission's general reference to the by-law in its decision, without elaboration, would allow it to insulate the decision from scrutiny." Cf. *Massachusetts Inst. of Tech.* v. *Department of Pub. Utils.*, 425 Mass. 856, 867-874 (1997) (failure of Department of Public Utilities to make necessary findings and explain reasons for decision makes judicial review of rate decision impossible); *Planning Bd. of Springfield* v. *Board of Appeals of Springfield*, 355 Mass. 460, 462 (1969) (decision of board of appeals granting variance cannot stand unless board makes specific findings that each statutory requirement is met).

are vacated.[13] The case is remanded to the Superior Court for entry of a judgment consistent with this opinion.

*So ordered.*

---

[13]The judgment of the Superior Court also included a declaration that the plaintiffs' notice of intent "has been constructively granted," as well as an order that the commission violated the requirements of G. L. c. 30A, § 11A ½ (the State open meeting law), and was required to comply with that statute at future meetings. For reasons discussed *supra*, the declaration of rights is in error. The order concerning the open meeting law is also erroneous, since G. L. c. 30A, § 11A ½, does not apply to local governmental bodies such as the commission.