Curran, Dennis J., J.

INTRODUCTION

This is a complaint for judicial review under G.L.c. 249, §4, of the decision of the Bolton Conservation Commission (“the Commission”) that the plaintiffs abutter need not act to protect wetlands on her property. The plaintiff appeals the decision on the grounds that it is arbitrary and capricious. The Commission filed a motion for judgment on the pleadings. After careful review of the record, the defendant’s motion is ALLOWED.

BACKGROUND

For the purposes of this motion, the court accepts the plaintiffs factual allegations as true.[1] The plaintiff owns a tract of land at 53 Green Road in Bolton. Elizabeth Bagdonas (“Bagdonas”) owns 63 Green Road, which abuts the plaintiffs property. A wetlands traverses Bagdonas’ property approximately twenty feet from the property line. Bagdonas complained of silt and run-off from the plaintiffs property that she claimed washed into and contaminated the wetlands. On or about October 30, 2006, Bagdonas sent a letter to the Commission requesting that it take action against the plaintiff. Following an investigation, the Commission implemented a plan that caused the plaintiff to spend a considerable sum. He did not appeal.
The plaintiff claims that the run-off in question originated from Bagdonas’ property, that the original plan misstates the placement of the wetlands, and that Bagdonas’ driveway bisects the wetlands. Therefore, the plaintiff asserts an ongoing violation of the Wetlands Protection Act (“the Act”). Pursuant to the plaintiffs complaint, the Commission investigated Bagdonas’ property and took no action.[2] Lupo seeks judicial review of that .decision. The Commission now moves for judgment on the pleadings, arguing that: (1) the complaint fails to set forth a case or controversy; *78 (2) the plaintiff lacks standing to object to the Commission’s decision; (3) the plaintiff failed to exhaust his administrative remedies; and (4) those remedies are time-barred.

DISCUSSION

In an action in the nature of certiorari pursuant to G.L.c. 249, §4, the court reviews the record to determine whether the Commission made an error of law apparent on the record that substantially affects a material right of the plaintiff. MacHenry v. Civil Service Commission, 40 Mass.App.Ct. 632, 634 (1996). A party has standing under a statutory scheme when he “can allege an injury within the area of concern of the statute or regulatory scheme under which the injurious action has occurred.” Enos v. Secretary of Environmental Affairs, 432 Mass. 132, 135 (2000), and cases cited. Here, the Act governs “activities, work, or projects that entail the removal, filling, dredging, or altering of wetlands and lands bordering waters." Oyster Creek President, Inc. v. Conservation Commission, 449 Mass. 859, 862 (2007).
The plaintiff does not claim that he was injured by the amounts spent to bring his property in compliance with the Act, or that his property value has decreased.[3] The only injury claimed by the plaintiff is that Bagdonas was not required to make expenditures to preserve the wetlands. This is not a legal injury. The Act was not designed so that all landowners on property bordering wetlands would be faced with an equal burden. See id. Because the plaintiff cannot show that he was injured by the Commission’s decision, he cannot recover.

ORDER

Based on the foregoing, the defendant’s motion for judgment on the pleadings is ALLOWED.
Judgment shall enter forthwith for the defendant Bolton Conservation Commission.

 The court specifically excludes from consideration all materials outside the pleadings. Mass.R.Civ.P. 12(c).

 The record does not indicate the reasons for the Commission’s decision, or when the decision was made.

 On the contrary, the plaintiff specifically states that he did not mind implementing the Commission’s plan when he thought that the Commission would impose conditions on Bagdonas, causing her to make similar expenditures.