# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

---

ARTHUR LIPPMAN & another[1] *vs.* CONSERVATION COMMISSION OF HOPKINTON & another.[2]

No. 10-P-1776.

Middlesex. June 8, 2011. - August 3, 2011.

Present: TRAINOR, FECTEAU, & HANLON, JJ.

*Wetlands Protection Act. Municipal Corporations,* Conservation commission. *Notice,* Timeliness. *Declaratory Relief. Practice, Civil,* Declaratory proceeding, Action in nature of certiorari, Summary judgment.

In a civil action seeking a judgment declaring that the denial by the defendant local conservation commission (commission) of the plaintiffs' notice of intent was untimely and that the superseding order of conditions from the Department of Environmental Protection allowed the plaintiffs to proceed with their project, the judge erred in allowing summary judgment in favor of the commission, where the commission's denial of an order of conditions was without effect as untimely (i.e., issued after the statutory twenty-one day deadline), and where the plaintiffs were not required to seek relief from the denial by way of an action in the nature of certiorari, in that the plaintiffs were not seeking judicial review of a discretionary decision of the commission. [4-7]

---

[1] Daryl Lippman.

[2] Keith Pomeroy, intervener.

CIVIL ACTION commenced in the Superior Court Department on January 11, 2010.

The case was heard by *Wendie I. Gershengorn*, J., on a motion for summary judgment.

*George F. Hailer* for the plaintiffs.

*Thomas J. Harrington* for conservation commission of Hopkinton.

*David K. McCay* for the intervener.

FECTEAU, J. The plaintiffs, Arthur Lippman and Daryl Lippman, appeal from a decision by a judge of the Superior Court dismissing their action for declaratory judgment by which they sought to establish that the denial of their notice of intent (NOI) by the conservation commission of the town of Hopkinton (commission) was untimely and that the superseding order of conditions from the Department of Environmental Protection (DEP) allowed them to proceed with their project. The judge ruled that the plaintiffs were required to pursue their remedy from the commission's decision by an action in the nature of certiorari and not by an action for declaratory relief; moreover, because the complaint at bar (for declaratory judgment) was filed well beyond the sixty-day limitation period for an action in the nature of certiorari, she allowed summary judgment for the commission.[3] We reverse.

*Background.* The plaintiffs filed a NOI with the commission to disturb wetland resource and buffer areas in connection with work relating to the construction of a single-family home at 32 North Mill Street in Hopkinton. Several hearings on the NOI were held, the last two on June 16, 2008, and June 30, 2008. Following a failed motion to close the hearing and issue an order of conditions on June 16, a subsequent motion to deny the NOI failed to carry on June 30, at which time the chair stated that the commission was deadlocked and that no decision would be forthcoming. This was followed by a letter dated July 14, 2008, informing the plaintiffs of the commission's stalemate and their appeal rights. On July 28, 2008, the commission

---

[3]Given the result of the judge's decision on the commission's motion for summary judgment, she did not reach the merits of the plaintiffs' motion for judgment on the pleadings.

"determined to issue" an "order of conditions — denial" of the plaintiffs' NOI, but did not issue it.

Shortly thereafter, on July 30, 2008, the plaintiffs filed a request for a superseding order of conditions with the DEP, alleging that the commission had failed to act within twenty-one days after the close of public hearings on the plaintiffs' NOI.[4] On September 11, 2008, the commission purported to issue its "order of conditions — denial" under both the Wetlands Protection Act (act) and the local by-law. The commission's purported denial notwithstanding, the DEP issued a superseding order of conditions on September 22, 2008, approving the plaintiffs' project.[5] On or about October 3, 2008, abutter and intervener Keith Pomeroy filed an appeal with the DEP challenging its superseding order of conditions; that appeal has been stayed pending the outcome of these proceedings.

On November 10, 2008, the plaintiffs filed a pro se complaint in the nature of certiorari seeking to review the commission's purported denial of their NOI, but that complaint was dismissed for failure to make service on the commission. The plaintiffs commenced the present action by filing a complaint in January of 2010, seeking a declaration that the commission's purported denial is without effect and that the DEP's superseding order of conditions governs the project. From the judge's grant of sum-

---

[4]The Wetlands Protection Act, G. L. c. 131, § 40, as appearing in St. 1986, c. 262, § 1, states in relevant part:

"If a conservation commission . . . , after holding such a hearing has failed within twenty-one days therefrom to issue an order, . . . any person aggrieved by said commission's . . . failure to act . . . may, . . . within ten days from said commission's . . . failure to act, request the [DEP] to determine whether the area on which the proposed work is to be done is significant [to interests protected by the Wetlands Protection Act] . . . . Upon receipt of such request the [DEP] shall make the determination requested and shall by written order . . . impose such conditions as will contribute to the protection of the interests described herein . . . . Such order shall supersede the prior order of the conservation commission . . . and all work shall be done in accordance therewith . . . ."

[5]We note that the commission itself asserts that it mailed its purported denial to the plaintiffs on September 11, 2008, which was untimely. See *Oyster Creek Preservation, Inc.* v. *Conservation Commn. of Harwich*, 449 Mass. 859, 864 n.10 (2007).

mary judgment in favor of the commission, the plaintiffs have appealed.

*Discussion.* "The act mandates that a conservation commission issue an order within twenty-one days of the close of the public hearing." *Regan* v. *Conservation Commn. of Falmouth,* 77 Mass. App. Ct. 485, 489 (2010). "[T]he timing provisions in the act are obligatory, and a local community is not free to expand or ignore them." *Oyster Creek Preservation, Inc.* v. *Conservation Commn. of Harwich,* 449 Mass. 859, 866 (2007). In *Oyster Creek,* the court explained that, "where a conservation commission issues its decision after the statutory deadline, it is appropriate that it should lose the right to insist on the provisions of its local bylaw, and that any superseding order issued by the DEP should apply in its stead." *Ibid.* Indeed, "any late-issued decision of the commission is without effect." *Id.* at 865.

On the undisputed facts of this case, there is no doubt that the commission's September 11, 2008, denial of an order of conditions, issued long after the strict twenty-one day deadline provided in G. L. c. 131, § 40, is without effect. See *ibid.*; *Regan, supra.* That a determination was made on July 28 to issue a denial of the plaintiffs' request for an order of conditions is also of no assistance to the commission because not only did it occur after the twenty-one days, but a decision does not issue for purposes of G. L. c. 131, § 40, until it is mailed, which, as occurred here, was not until September 11. See *Regan, supra.* The act "instructs an applicant aggrieved by a conservation commission's failure to act within the requisite time to seek relief from the DEP." *Oyster Creek, supra* at 865. That is precisely the course that the plaintiffs pursued, and when an applicant pursues this remedy, the DEP's superseding order controls.[6] *Ibid.*

The commission argued, and the judge agreed, that notwith-

---

[6]The commission's efforts to distinguish the facts from those in *Oyster Creek* are unavailing. We disagree with the commission's contention that the letter dated July 14 satisfies its by-law requirement to issue a determination within twenty-one days; the ineffectiveness of this letter amply is shown by the explicit language of the letter which states that the commission was "unable to issue an Order of Conditions either permitting or prohibiting the proposed project" and that "no decision will be forthcoming," the July 28 vote of the commission to issue a denial in light of "Town Counsel's opinion relative to the Commission's failure to act under the Bylaw for the [NOI]," and the ultimate and untimely denial it finally issued on September 11. Even

standing the commission's tardiness in issuing the September 11 order, the order is effective in the absence of a timely certiorari appeal pursuant to G. L. c. 249, § 4. It is ordinarily true that, in the absence of a procedure described by statute, an applicant's sole remedy regarding a denial of an order of conditions based on a local by-law is an action in the nature of certiorari. *Ballarin, Inc.* v. *Licensing Bd. of Boston*, 49 Mass. App. Ct. 506, 510 (2000). See *Bermant* v. *Selectmen of Belchertown*, 425 Mass. 400, 404 (1997) (reaffirming that action in nature of writ of certiorari, as opposed to declaratory relief under G. L. c. 231A, § 1, is sole avenue of relief available to party aggrieved by discretionary decision of local licensing authority). Such an action serves to correct errors of law in administrative proceedings where judicial oversight otherwise is not available. See *Yerardi's Moody St. Restaurant & Lounge, Inc.* v. *Selectmen of Randolph*, 19 Mass. App. Ct. 296, 300 (1985), and cases cited.

Furthermore, as explained in the case of *Friedman* v. *Conservation Commn. of Edgartown*, 62 Mass. App. Ct. 539, 542 (2004), "our decisional law has established that an action in the nature of certiorari is the appropriate means of review by applicants dissatisfied with a local conservation commission's order, under a local wetlands by-law, that prevents or restricts building on the applicants' land." See, e.g., *Lovequist* v. *Conservation Commn. of Dennis*, 379 Mass. 7, 16 (1979). See also *Balcam* v. *Hingham*, 41 Mass. App. Ct. 260, 264 (1996) (landowners denied waiver from setback requirements of wetlands by-law by local conservation commission may seek judicial review via action in nature of certiorari).

Here, however, the plaintiffs are not seeking judicial review of a discretionary decision of the commission; the plaintiffs all but concede, were that to have been the case here, that the judge would be correct in ruling that an action in the nature of certiorari would be the only method of review. Instead, the plaintiffs' contention is that the commission failed to make any decision and that, due to the commission's failure to issue a

if the letter could be interpreted as a denial under the local by-law, a superseding order from the DEP controls unless the commission's decision is based on a specific provision in the local by-law that is more stringent than the act, the assertion of which is not made here. See *Healer* v. *Department of Envtl. Protection*, 73 Mass. App. Ct. 714, 718 (2009).

decision within the statutory period of twenty-one days of the close of the hearing, the September 11 order was issued in violation of the statutory procedures and is without effect. In the context of the DEP proceedings, they seek a judgment that declares, as a matter of law and not of discretion, that the late-issued denial is ineffective and that the superseding order of conditions from the DEP takes priority over the nondecision of the commission.[7]

The purpose of the Declaratory Judgment Act is "to afford [a plaintiff] relief from . . . uncertainty and insecurity with respect to rights, duties, status and other legal relations." *Massachusetts Assn. of Indep. Ins. Agents & Brokers, Inc.* v. *Commissioner of Ins.*, 373 Mass. 290, 292 (1977), quoting from G. L. c. 231A, § 9. Here, the plaintiffs have alleged a situation in which uncertainty and insecurity exist as between a superseding order of conditions issued by the DEP and a July 14 letter informing them of a nondecision, followed by an untimely order of denial by the commission. A complaint sounding in certiorari would not be adequate to address the order issued by the DEP and would be ineffective to establish the plaintiffs' rights and duties as pertains to that order.

This case appears to be controlled substantively by *Oyster Creek*. There, in a case in which the plaintiffs' complaint sought relief in the nature of certiorari and a declaratory judgment, the Supreme Judicial Court affirmed in part, holding that "where a conservation commission does not issue its decision within the required twenty-one day period and the applicant appeals to the DEP, it is the DEP's superseding order that controls; any late-issued decision of the commission is without effect." 449 Mass. at 865. Furthermore, and significant to the procedural issue also presented here, it affirmed the lower court judgment "to the extent [that] it *declares* that the proposed . . . project is effectively governed by the DEP's superseding order of conditions."

---

[7] While it is now clear that G. L. c. 131, § 40, does not allow for a constructive grant of a NOI, see *Oyster Creek*, 449 Mass. at 864, the statute is somewhat analogous to those statutes wherein nondiscretionary constructive grants have been found to exist. See, e.g., *Devine* v. *Board of Health of Westport*, 66 Mass. App. Ct. 128, 134 (2006) ("Section 31E protects applicants from arbitrary inaction and expressly provides a nondiscretionary remedy of a constructive grant where the board has failed to act by either issuing a permit or a written statement of reasons for denial within forty-five days").

*Id.* at 866 (emphasis supplied). Compare *Tax Collector of Braintree* v. *J.G. Grant & Sons, Inc.,* 26 Mass. App. Ct. 731, 734-735 (1989) (despite strict administrative and judicial route for challenging excessive tax, when assertion is that tax is void, not excessive, declaratory judgment action is acceptable). Thus, a declaratory judgment action in these circumstances was the proper method to establish the effectiveness of the DEP's superseding order and the ineffectiveness of the purported actions by the commission.

The order allowing summary judgment in favor of the commission must be reversed, and the case is remanded for the entry of judgment in favor of the plaintiffs. Furthermore, judgment is to enter in favor of the plaintiffs declaring that the purported denial by the commission was of no effect and that the plaintiffs' project "is effectively governed by the DEP's superseding order of conditions." *Oyster Creek, supra.*

*So ordered.*