NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

16-P-944                                      Appeals Court

   CAVE CORPORATION  vs.  CONSERVATION COMMISSION OF ATTLEBORO.


                       No. 16-P-944.

        Plymouth.     April 6, 2017. - July 14, 2017.

           Present:  Green, Blake, & Lemire, JJ.


Municipal Corporations, Conservation commission, By-laws and
     ordinances.  Wetlands Protection Act.



     Civil action commenced in the Superior Court Department on
January 9, 2015.

     The case was heard by Richard J. Chin, J., on a motion for
judgment on the pleadings, and a motion for clarification or
reconsideration was considered by him.


     Matthew Watsky for the plaintiff.
     Rebekah Lacey for the defendant.


     GREEN, J.  When a municipal conservation commission fails

to act timely on a notice of intent for work affecting wetlands,

the applicant is entitled to seek relief from the Department of

Environmental Protection (DEP).  G. L. c. 131, § 40.  If, on the

applicant's request for relief, the DEP thereafter issues a

superseding order of conditions authorizing the work described in the notice of intent, the superseding order controls the work under the Wetlands Protection Act (act), G. L. c. 131, § 40, notwithstanding any more restrictive provisions of an otherwise applicable municipal wetlands ordinance or by-law.  See Oyster Creek Preservation, Inc. v. Conservation Commn. of Harwich, 449 Mass. 859, 865 (2007).  Cave Corporation (Cave), the plaintiff in the present case, contends that such a superseding order operated to divest the conservation commission of Attleboro (commission) of all authority to regulate activity on the land subject to the superseding order, even if the same land is also the subject of a separate notice of intent on which the commission acted timely.[1]  A judge of the Superior Court disagreed, and we affirm.

Background.  The Attleboro city council adopted the Attleboro wetlands protection ordinance (ordinance) on October 2, 2001, and the commission, acting pursuant to authority delegated by the ordinance, promulgated rules and regulations

---

[1] Cave also contends that the provisions of the Attleboro wetlands protection ordinance are no more restrictive than those of the act such that the DEP's superseding order on the separate notice of intent controls in any event, see DeGrace v. Conservation Commn. of Harwich, 31 Mass. App. Ct. 132, 136 (1991), and that the record does not contain substantial evidence supporting the conditions imposed by the commission, even if it had authority to regulate the land at issue.

thereafter.  Section 18-1.1 of the ordinance recites as its purpose:

> "to protect the wetlands, water resources, and adjoining land areas in Attleboro by controlling activities deemed by the Conservation Commission likely to have a significant or cumulative effect upon resource area values, including but not limited to the following:  public or private water supply, groundwater, flood control, erosion and sedimentation control, storm damage prevention including coastal storm flowage, water quality, water pollution control, fisheries, wildlife habitat, rare species habitat including rare plant species, agriculture, aquaculture, and recreation values, deemed important to the community (collectively, the 'resource areas or values protected by this ordinance')."

Among other provisions, § 18-1.8 of the ordinance imposes a requirement that any application for a permit to perform work in any area potentially affecting wetlands delineate and maintain "a 25-foot wide continuous and undisturbed Wetlands Protection Zone measured from and parallel to the [wetlands] resource area boundary."[2]

On December 18, 2013, Cave filed a notice of intent with the commission proposing construction of a roadway, drainage, infrastructure, and utilities associated with a subdivision development.  The proposed project included 175 linear feet of new roadway, with connections to a water main to serve seven new lots, but did not propose any work on the individual lots related to the construction of houses on the lots.

---

[2] The same requirement is repeated in § 4.9 of the ordinance rules and regulations.

The notice of intent acknowledged the presence of vegetated wetlands along the westerly side of the project site and a twenty-five-foot wetlands protection zone along the boundary of those vegetated wetlands; it also recognized two vernal pools to the south of the proposed roadway, a 125-foot protected area surrounding each of the vernal pools,[3] and a riverfront area[4] bordering the southerly part of the project site.

After several extensions of time for the commission's consideration of the proposal, and several modifications to the proposed work, Cave submitted a final revised proposal to the commission on October 16, 2014.  Following a hearing on November 5, 2014, the commission voted to approve the roadway extension project, with conditions.  The commission issued its order of conditions on November 12, 2014.  Of particular note among the conditions, for present purposes, is condition number twenty-

---

[3] As defined in the ordinance, a "vernal pool" includes the basin depression itself and an area of vernal pool habitat extending 100 feet from the boundary of the mean annual boundary of the depression; the ordinance rules and regulations prohibit disturbance of any land within both the vernal pool basin and its surrounding 100-foot habitat area.  The ordinance rules and regulations further prohibit any disturbance of land within the additional twenty-five-foot wetlands protection zone extending beyond the boundary of the defined vernal pool (including the 100-foot habitat perimeter), so that the total area of protection extends 125 feet from the boundary of the basin depression.

[4] The act defines "riverfront area" as an "area of land situated between a river's mean annual high-water line and a parallel line located [200] feet away."  G. L. c. 131, § 40, inserted by St. 1996, c. 258, § 18.

nine, which prohibited any disturbance of the area within 125 feet of the two vernal pools based on a finding that "any disturbance to the [125-foot area] on the subject parcels of land will result in cumulative adverse impacts upon the resource area values." Cave appealed the order of conditions for the roadway extension project to the DEP, seeking a superseding order of conditions,[5] and, on February 26, 2015, the DEP approved the work proposed in Cave's notice of intent for the roadway extension project, subject to conditions set forth in a superseding order of conditions.

While the roadway extension notice of intent was under consideration by the commission, but before it was approved, Cave also submitted on October 14, 2014, notices of intent for work (including proposed construction of homes and related improvements) on lots 4, 5, 6, and 7 of the proposed subdivision.[6] Thereafter, the commission took no action on the notices of intent for those lots until the evening of November 5, 2014, when it opened a hearing. However, that date was beyond the twenty-one-day period within which a hearing must be

_____

[5] Cave's request for a superseding order of conditions for the roadway extension project does not appear in the record, although there appears to be no dispute that it was timely made.

[6] Cave attempted to file the notices of intent on October 10, 2014, but the commission did not accept them as filed until October 14, 2014, for procedural reasons. Nothing turns on this.

held under the act.  See G. L. c. 131, § 40; Oyster Creek

Preservation, Inc. v. Conservation Commn. of Harwich, 449 Mass.

at 863.  Accordingly, on November 5, 2014, prior to commencement

of the hearing that evening, Cave initiated a request to the DEP

for a superseding order of conditions.[7]  Thereafter, on February

26, 2015, the DEP approved the work proposed in Cave's notice of

intent for lot 7, subject to conditions set forth in a

superseding order of conditions.[8]  In practical effect, however,

condition number twenty-nine of the order of conditions issued

by the commission for the roadway extension project precludes

construction of the driveway proposed to serve lot 7 because it

cuts through a portion of one of the 125-foot protected areas

located on lot 7, and it similarly precludes certain other work

proposed within that area.

By complaint filed in the Superior Court on January 9,

2015, Cave sought certiorari review and declaratory relief.  In

substance, Cave sought a declaration that the superseding order

of conditions issued by the DEP with respect to lot 7 governed

---

[7] At the hearing on November 5, 2014, the commission
considered the notices of intent for the four lots.  As
pertinent to this appeal, the commission eventually purported to
deny approval of the work proposed in the notice of intent for
lot 7.

[8] Before the Superior Court and in this appeal, the
commission concedes that its denial of approval of the notice of
intent for lot 7 was a nullity because the DEP subsequently
issued a superseding order of conditions.

the work described in Cave's notice of intent for that lot, and sought certiorari review of the order of conditions issued by the commission on the roadway extension notice of intent insofar as it purported to regulate work on lot 7. A judge concluded that the superseding order of conditions for lot 7 governed the performance of the work described in the notice of intent for that lot, but that the conditions set forth in the order of conditions issued by the commission on the roadway extension notice of intent was valid and enforceable. Subsequently, in an order on Cave's motion for clarification or reconsideration, the judge explained that his ruling means that the order of conditions issued by the commission under the ordinance for the roadway extension project, including condition number twenty-nine, remain applicable to the subdivision, notwithstanding the superseding order of conditions issued by the DEP on the notice of intent for lot 7. This appeal followed.

Discussion. Cave lodges three challenges to the validity of condition number twenty-nine. First, it contends that the ordinance is no more stringent than the act; accordingly, the superseding order of conditions issued by the DEP on the roadway extension project superseded any conditions imposed by the commission. Second, Cave argues that because the commission "lost jurisdiction" over the work described in the notice of intent for lot 7 when it failed to conduct a timely hearing, it

was without authority to impose conditions affecting work on that lot in the order of conditions it issued for the roadway extension project. Third, Cave asserts that the record does not contain substantial evidence supporting the imposition of condition number twenty-nine in the order of conditions for the roadway extension project. We address each claim in turn.

"It is well established that municipalities may enact more stringent requirements than those provided in the act. Lovequist v. Conservation Commn. of Dennis, 379 Mass. 7, 14-15 (1979). When a local conservation commission rests its decision on a wetlands by-law [or ordinance] that provides greater protection than the act, its decision cannot be preempted by a DEP superseding order." FIC Homes of Blackstone, Inc. v. Conservation Commn. of Blackstone, 41 Mass. App. Ct. 681, 686-687 (1996). Where the local by-law or ordinance does not impose more stringent controls than those set by the Legislature (in the act), a DEP superseding order would control. See DeGrace v. Conservation Commn. of Harwich, 31 Mass. App. Ct. 132, 136 (1991).

It is plain that the ordinance here imposes more stringent controls than the act as to matters regulated under the order of conditions issued by the commission for the roadway extension project. As we have described supra, the ordinance includes vernal pools (including the area extending 100 feet beyond the

basis depression comprising the pool itself) as resource areas entitled to protection. By contrast, the act makes no mention of vernal pools; "vernal pool habitat" as defined in 310 Code Mass. Regs. 10.04 (2008) is protected only to the extent that it falls within an "Area Subject to Protection" under the act. In addition, the ordinance prohibits entirely any disturbance within the additional wetland protection zone established by the ordinance for the area extending twenty-five feet from the boundary of any resource area (including vernal pools); under the act, the additional twenty-five-foot area is not restricted at all. There is no error in the conclusion by the judge that the ordinance imposes more stringent requirements than the act; thus, the order of conditions issued by the commission for the roadway extension project was not preempted by the DEP's superseding order concerning that project. See FIC Homes of Blackstone, Inc. v. Conservation Commn. of Blackstone, 41 Mass. App. Ct. at 687.

Cave fares no better with its contention that the commission was divested of all authority over the land comprising lot 7 once the commission failed to conduct a hearing within the statutory time frame mandated by the act. In essence, Cave's argument is that it is anomalous and illogical to suggest that the work described in the notice of intent for lot 7 can be authorized by the superseding order of conditions

issued by the DEP on that notice of intent, but prohibited by the order of conditions issued by the commission under the ordinance on the notice of intent for the roadway extension project. Cave cites no authority for its contention, and we are aware of none. Nor do we share Cave's perception of anomaly.

As a threshold matter, we observe that Cave filed its notice of intent for the roadway extension project long before it filed the notice of intent for lot 7, and had engaged in detailed substantive discussions with the commission about the roadway extension project over the course of several hearings, continued with Cave's consent. Moreover, the commission issued the order of conditions for the roadway extension project before the DEP undertook review of the notice of intent for lot 7 and, therefore, before the DEP issued its superseding order of conditions on that lot. It would be anomalous indeed for the DEP's superseding order of conditions for lot 7 to abrogate the terms of a previously and validly issued order of conditions regulating that lot simply because the same land was the subject of additional work described in a subsequently filed notice of intent.

Cave's third and final argument is to some extent a variation of the second. Without conceding that the commission could regulate activity on lot 7 after it failed to act timely on Cave's separate notice of intent for that lot, Cave observes

that, although the roadway extension notice of intent does not propose any work on lot 7 itself, the order of conditions issued by the commission for the roadway extension project nonetheless imposes conditions prohibiting any disturbance of resource areas on lot 7.  Accordingly, Cave asserts, the imposition of condition number twenty-nine was arbitrary or capricious, and not supported by substantial evidence.  See Pollard v. Conservation Commn. of Norfolk, 73 Mass. App. Ct. 340, 348 (2008).

In response, the commission observes that § 18-1.8 of the ordinance directs it to "take into account the cumulative adverse effects of loss, degradation, isolation, and replication of protected resource areas throughout the community and the watershed, resulting from past activities, permitted and exempt, and foreseeable future activities."  Moreover, the commission notes, the project described in the roadway extension notice of intent was not merely the construction of the roadway; it described the creation and the development of the subdivision itself.  Accordingly, in evaluating appropriate conditions for the roadway extension, the commission was not merely entitled but required to consider the cumulative effects of the proposed subdivision on wetlands resource areas and wildlife habitat within the subdivision.

As the judge observed, in evaluating the notice of intent for the roadway extension, the commission had before it the report of its conservation agent highlighting the need to insulate vernal pool habitats from human construction activities, and explaining the delicate balance between the ecosystem and Cave's proposed construction activities. The commission also considered civil engineering and environmental consulting reports and an ecological restoration plan for the project. The record indicates that the commission analyzed and weighed the reports indicating the potential cumulative and indirect effects the subdivision project might cause, and considered the potential effects in light of the purpose and the criteria set forth in the ordinance.

"'Substantial evidence [is] such evidence as a reasonable mind might accept as adequate to support a conclusion.' The applicable standard of review is 'highly deferential to the agency' and requires the reviewing court to accord 'due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it.' 'We give deference to the decision of an agency interpreting its own regulations . . . [and] do not intrude lightly within the agency's area of expertise, as long as the regulations are interpreted with reference to their purpose and to the purpose and design of the

controlling statute.'"  <u>Healer</u> v. <u>Department of Envtl.</u>
<u>Protection</u>, 75 Mass. App. Ct. 8, 13 (2009) (citations omitted).

In light of the commission's mandate to consider the
cumulative effects of the proposed subdivision with regard to
the purpose and the objectives of the ordinance, and the
evidence before it suggesting that disturbance of the wildlife
habitat within the 125-foot perimeter surrounding the two vernal
pools on the project site would be detrimental to the interests
protected by the ordinance, we discern no error of law in the
conclusion by the judge that the imposition by the commission of
condition number twenty-nine, prohibiting disturbance of land
within the wetlands protection zone, was supported by
substantial evidence and was not arbitrary or capricious.  See
<u>Pollard</u> v. <u>Conservation Commn. of Norfolk</u>, 73 Mass. App. Ct. at
348.

<u>Judgment affirmed</u>.