It is well settled that when a local conservation commission fails to act on an application filed under G. L. c. 131, § 40, in a timely manner, a subsequent superseding order of conditions from the Department of Environmental Protection (DEP) governs, and any late-issued decision of the commission is without effect. See Oyster Creek Preservation, Inc. v. Conservation Commn. of Harwich, 449 Mass. 859, 866 (2007) ; Lippman v. Conservation Commn. of Hopkinton, 80 Mass. App. Ct. 1, 4 (2011). There is no dispute that the conservation commission of Wayland (commission) delivered a denial of the plaintiff's request for an order of conditions by hand on the twenty-second day following the close of the public hearing on the plaintiff's notice of intent, beyond the twenty-one day time limit established in G. L. c. 131, § 40, and 310 Code Mass. Regs. § 10.05(6)(a) (2014).[2] Accordingly, a judge of the Superior Court granted the plaintiff's motion for judgment on the pleadings, ruling that the commission's decision was without effect and that the DEP's subsequent superseding order of conditions governs. Thereafter, the judge denied the commission's motion for reconsideration or relief from judgment,[3] which argued that "newly discovered evidence" indicated the applicant had "effectively" waived issuance by mail or hand-delivery.[4] We affirm.
The facts are not in dispute and we repeat them here only as necessary to our discussion.[5] In support of its motion for reconsideration, the commission relies on what it describes as "newly discovered evidence" in the form of an affidavit from its conservation administrator. Discovery of new evidence is one ground that might cause a judge, in his or her discretion, to reconsider a prior ruling. See Audubon Hill South Condominium Assn. v. Community Assn. Underwriters of America, Inc., 82 Mass. App. Ct. 461, 470 (2012). In the affidavit, the administrator avers that the plaintiff's agent inquired, at the commission meeting where it voted to deny the project, when he could pick up the "decisions" and the administrator replied that they would be processed and dated by 4:00 p.m. on July 16, 2015.[6] The administrator concluded from this brief exchange that the agent would pick up the decision in the office. The pick-up did not occur. Apparently without further conversation with the plaintiff's agent, the denial order of conditions was hand-delivered on July 17, 2015, the twenty-second day following the close of the hearing.
The judge rejected the proposition that the administrator's affidavit constitutes "newly discovered evidence" and also noted that the commission provided no authority suggesting an applicant could waive the statutory requirements in this manner. First, we agree that the administrator's affidavit is not "newly discovered evidence" that, in the exercise of due diligence, could not have been produced before judgment on the pleadings entered. While the commission suggests the administrator's memory was refreshed after the judgment on the pleadings issued and by reviewing the decision and listening to the recording of the commission's meeting, the administrator's affidavit does not support that explanation. Moreover, "forgotten evidence newly remembered" does not constitute new evidence that may be relied on to provide relief from judgment. Commonwealth v. Duest, 30 Mass. App. Ct. 623, 628 (1991), quoting from Kash N'Karry Wholesale Supermkts., Inc. v. Garcia, 221 So. 2d 786, 788 (Fla. Dist. Ct. App. 1969). Personal knowledge "does not become newly discovered evidence by reason of later recollection." Duest, supra, quoting from State v. Sims, 99 Ariz. 302, 310-311 (1965). That no one had thought to listen to the recording of the meeting does not mean the recording or the memory it might have prompted became "newly discovered evidence."
Further, even if we were to treat the affidavit as "newly discovered evidence" and consider the waiver argument despite the commission's failure to cite Garrity v. Conservation Commn. of Hingham, 462 Mass. 779, 787 (2012), to the motion judge, it is quite clear that the plaintiff's agent's inquiry as to when the decision could be picked up, without more, is not a knowing and voluntary waiver of the plaintiff's right to receive the board's decision by mail or hand-delivery. See ibr.US_Case_Law.Schema.Case_Body:v1">id. at 787-788 (holding applicant may waive statutory procedural deadline provided such waiver is voluntary on the part of the applicant and respectful of the purposes and policies of the statute). The burden of proving a waiver is on the commission, and "[i]t is black letter law that to be valid, a waiver of a right must be voluntary as well as intentional." Id. at 788. The affidavit does not assert that the agent assured the administrator someone would be there to pick up the decision or otherwise induced the commission to conclude that issuance of the decision by mail or hand-delivery knowingly and voluntarily had been waived. Moreover, that hand-delivery was accomplished the next day is inconsistent with the commission's belief that such delivery "effectively" had been waived.[7]
We discern no error in the order denying the motion for reconsideration or relief from judgment.
Judgment affirmed.
Order denying motion for reconsideration or relief from judgment affirmed.

The wetlands regulations define "[d]ate of [i]ssuance" as the date of mailing or hand-delivery. 310 Code Mass. Regs. § 10.04 (2014).

For ease, we refer to the motion throughout as a motion for reconsideration.

The commission's notice of appeal encompassed both the judgment and the order denying the motion for reconsideration, but its brief is limited to arguments addressing the motion for reconsideration. Issues that the commission could have raised as to the judgment on direct appeal are waived. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).

We decided a prior appeal in a related action between the parties in Nelson v. Conservation Commn. of Wayland, 90 Mass. App. Ct. 133 (2016).

The record before us does not disclose the time the commission's office closed on July 16, 2015.

The commission also asserts in passing that its local by-law "does not actually require the decision to be issued to the applicant." This argument need not detain us, as it was not raised in the commission's motion to reconsider.