BOSTON CLEAR WATER COMPANY, LLC vs. LYNNFIELD, 100 Mass. App. Ct. 657

 
 BOSTON CLEAR WATER COMPANY, LLC vs. TOWN OF LYNNFIELD & another. [Note 1]

100 Mass. App. Ct. 657
 November 17, 2021 - January 26, 2022

Court Below: Superior Court, Essex County
Present: Rubin, Desmond, & Shin, JJ.

 

Municipal Corporations, Conservation commission, By-laws and ordinances. Department of Environmental Protection. Wetlands Protection Act. Administrative Law, Hearing. Practice, Civil, Action in nature of certiorari. Declaratory Relief.

The failure of the defendant town conservation commission (commission) to conduct a hearing within twenty-one days of receiving the plaintiff applicant's notice of intent to perform improvements on property protected by the Wetlands Protection Act (act), G. L. c. 131, § 40, and the defendant town's wetlands protection bylaw (bylaw), caused the commission to forfeit its authority to regulate the applicant's project under the bylaw, and a superseding order of conditions issued by the Department of Environmental Protection approving the project under the act controlled. [660-662]

CIVIL ACTION commenced in the Superior Court Department on November 15, 2019.

 Motions for judgment on the pleadings were heard by John T. Lu, J., and a motion for reconsideration was considered by him.

Richard A. Nylen, Jr., for the plaintiff.

Thomas A. Mullen for the defendants.

 DESMOND, J. The issue in this case is whether a conservation commission's failure to conduct a hearing within twenty-one days of receiving an applicant's notice of intent, pursuant to G. L. c. 131, § 40, and its town bylaw, caused it to lose its authority over the proposed project and as a result forfeit the right to enforce its bylaw. The plaintiff, Boston Clear Water Company, LLC (BCWC) filed a notice of intent with the conservation commission of the town of Lynnfield (commission) to perform improvements on property protected by the Wetlands Protection Act (act), G. L. c. 131, § 40, and the town of Lynnfield's wetlands protection bylaw (town bylaw). The commission, unable to gather 

 Page 658 

a quorum, failed to conduct a hearing within twenty-one days of receiving BCWC's notice of intent. In light of the failure to act, BCWC, under G. L. c. 131, § 40, requested a determination from the Department of Environmental Protection (DEP) seeking approval of its proposed improvements. Without receiving a waiver from BCWC, the commission conducted an untimely hearing, which was continued several times, and the commission ultimately denied the project proposed by BCWC on the ground that BCWC had not provided sufficient information to describe the effect of the work on the interests protected by the town bylaw. Subsequently, however, in response to BCWC's request, the DEP issued a superseding order of conditions approving the project under the act.

 BCWC filed this action against the town of Lynnfield (town) and the commission (collectively, defendants) challenging the commission's denial of the project and arguing that the DEP's superseding order controlled. On cross motions for judgment on the pleadings, a Superior Court judge ruled that the nature of the commission's lack of compliance with the act's twenty-one day requirement was not such that it should be divested of its authority to enforce the provisions of the town bylaw. As a result, the judge denied BCWC's motion, as well as its motion for reconsideration, and entered judgment in favor of the defendants. Because we conclude that, under Oyster Creek Preservation, Inc. v. Conservation Comm'n of Harwich, 449 Mass. 859, 866 (2007) (Oyster Creek), the commission's failure to comply with the timing provisions under G. L. c. 131, § 40, caused it to lose its authority to enforce its bylaw, and that the DEP's superseding order controls, we reverse. 

 Background. The essential facts are undisputed. BCWC owns 1.3 acres of property in Lynnfield where it operates a spring that serves as a public water source. The spring is contained in an enclosed stone springhouse located in a buffer zone of bordering vegetated wetlands on the property. In 2019, BCWC noticed significant cracking in the springhouse's exterior walls and retained a structural engineering firm to inspect the building. Following the inspection, the engineering firm recommended several structural repairs and the construction of a retaining wall to surround the perimeter of the springhouse, all of which would either take place on, or alter, the bordering vegetated wetlands or the buffer zone of the bordering vegetated wetlands.

 On August 30, 2019, BCWC filed a notice of intent with the commission, seeking an order of conditions allowing it to perform

 Page 659 

 the repairs and reconstruction recommended by the structural engineering firm. Several days later, the commission advertised in the local newspaper that a public hearing would be held on the work proposed by BCWC on September 17, 2019. Notice of the hearing was also sent directly to the BCWC representative, Paul Marchionda. 

 On September 9, 2019, the town's director of planning and conservation (director), learned that there would not be enough commission members at the September 17 meeting for a quorum to be present. Because she could not secure a quorum until September 24, the director contacted Marchionda to ask BCWC to waive the requirement that the hearing be held within twenty-one days of receipt of the notice of intent. See G. L. c. 131, § 40. Marchionda responded to the director that he would ask BCWC's permission for the waiver; however, he never followed up on the waiver request. On September 11, the commission, having received no response from Marchionda, published notice of the September 24 hearing in the local newspaper. As the September 24 hearing date approached, the director still had not heard from BCWC and inquired whether it would participate in the hearing. On September 24, BCWC responded through counsel that it had appealed the commission's failure to conduct a timely hearing to the DEP, and that it would not attend the commission's belated hearing. That same day, BCWC filed a request with the DEP for a superseding order of conditions, pursuant to G. L. c. 131, § 40, and 310 Code Mass. Regs. § 10.05(7) (2014). 

 On September 24, the commission nevertheless opened a hearing on BCWC's notice of intent. Because BCWC was not present to participate, the commission continued the hearing to October 15. The hearing was reopened and continued several more times, [Note 2] and on February 18, 2020, the commission issued an order of conditions under the town bylaw, denying the work to the springhouse for BCWC's lack of participation in the hearing process. On February 21, 2020, the DEP issued a superseding order of conditions approving the project under the act.

 Page 660 

 BCWC filed this action seeking review in the nature of certiorari of the commission's decision, pursuant to G. L. c. 249, § 4, a determination that the commission's failure to act was arbitrary and capricious, and a judgment declaring that the failure to conduct a hearing within twenty-one days, pursuant to G. L. c. 131, § 40, divested the commission of the authority to regulate the repairs and reconstruction proposed by BCWC under the town bylaw. The defendants filed the administrative record as their answer, and thereafter, the parties cross-moved for judgment on the pleadings. The judge, believing his decision was discretionary, declined to exercise his discretion to divest the commission of jurisdiction over the project. BCWC moved for reconsideration, and its motion was summarily denied. BCWC timely appealed from the judgment on the pleadings. 

 Discussion. We review a judge's ruling on a motion for judgment on the pleadings de novo. See Merriam v. Demoulas Super Mkts., Inc., 464 Mass. 721, 726 (2013).

 Prior to undertaking any project that will remove, fill, dredge, or alter wetlands, a person must file a notice of intent with the local conservation commission, pursuant to G. L. c. 131, § 40. The town bylaw also requires an application to be filed with the commission in such circumstances, but the commission may accept a notice of intent under § 40 as the application. [Note 3] Once a notice of intent or application is filed, both the act and the town bylaw require the commission to conduct a public hearing on the proposed activity within twenty-one days. The act requires the local conservation commission to issue a decision within twenty-one days of its hearing. See G. L. c. 131, § 40. Where it does so, to the extent that the decision relies on the act, it may be appealed to the DEP, which may impose a superseding order of conditions based on its own interpretation of the act. See G. L. c. 131, § 40. To the extent a decision of the local conservation commission rests on bylaw provisions that are more protective than the act, the commission's decision, as a practical matter, controls.

 The town bylaw is silent as to the consequence visited on the commission for the failure to conduct a timely hearing. The act, however, provides that "[i]f a conservation commission has failed to hold a hearing within the twentyone day period as required,

 Page 661 

 or if a commission, after holding such a hearing has failed within twentyone days therefrom to issue an order, . . . the applicant . . . may, by certified mail and within ten days from said commission's . . . failure to act, request the [DEP] to determine whether the area on which the proposed work is to be done is significant to [interests protected by the act]." G. L. c. 131, § 40. See Oyster Creek, 449 Mass. at 865. "Upon receipt of such request the [DEP] shall make the determination requested and shall by written order . . . impose such conditions as will contribute to the protection of the interests described herein." G. L. c. 131, § 40. 

 Where there is an appeal to the DEP from a timely order of the commission, to the extent that the order is based on provisions of the bylaw that are more protective than the act, "a superseding order of conditions issued by the DEP cannot preempt the conservation commission's bylaw-based determination." Oyster Creek, 449 Mass. at 865. In Oyster Creek, the Supreme Judicial Court held, however, that when a commission fails to issue a timely decision on an applicant's notice of intent and the applicant appeals to the DEP, it is the DEP's superseding order based on the act that controls, and the commission loses altogether its authority to enforce its bylaw provisions even though they may be more protective than the act. See Oyster Creek, 449 Mass. at 865-866. The issue in that case was not the timeliness of the hearing, but the failure to issue a timely decision following a hearing. See id. at 864. The act, as well as the bylaw in that case, required the local conservation commission to issue a decision within twenty-one days of the hearing. See id. at 863. The commission failed to issue a decision until twenty-four days after the hearing, and the applicant appealed to the DEP, which in turn issued a superseding order of conditions. See id. at 864-865. The court determined that "where a conservation commission issues its decision after the statutory deadline, it is appropriate that it should lose the right to insist on the provisions of its local bylaw, and that any superseding order issued by the DEP should apply in its stead." Id. at 866.

 Notably, the failure to conduct a timely hearing and the failure to issue a timely decision following a hearing result in the same consequence under the same provision of the act -- in both instances, the act authorizes the applicant to request an order of conditions from the DEP. See G. L. c. 131, § 40. In Oyster Creek, 449 Mass. at 866, the court made explicit that "the timing provisions

 Page 662 

 in the act are obligatory, and a local community is not free to expand or ignore them," even where a conservation commission is seeking to enforce provisions of a local bylaw that are more protective than the act. As a result, we are constrained under Oyster Creek to conclude that, by failing to conduct a hearing within the act's twenty-one day mandatory time period, the commission lost the authority to regulate BCWC's project under the town bylaw. The DEP's superseding order of conditions approving the project thus controls.

 The defendants argue that there are compelling reasons to treat the time periods for holding a hearing and issuing a decision differently. [Note 4] They urge us to adopt a rule that, in circumstances where a commission fails to hold a timely hearing, it is not deprived of the right to enforce its bylaw unless it acted in bad faith or the applicant was prejudiced. While the defendants' position may have some force, we lack the authority to do so. In holding that a commission is deprived of the authority to enforce its bylaw when it fails to comply with the temporal requirements in the act, the Supreme Judicial Court did not simply reference the requirement that a decision be issued twenty-one days after a hearing. See Oyster Creek, 449 Mass. at 866. Instead, it referred to the act's "timing provisions" -- in the plural -- and stated that such provisions are "obligatory." Id. As a result, the same outcome as in Oyster Creek is compelled here.

 Conclusion. Because the commission failed to conduct a public hearing within twenty-one days of receiving BCWC's notice of intent, and the DEP subsequently issued a superseding order of conditions, the commission forfeited its authority to regulate BCWC's project under the town bylaw and the DEP's superseding order controls. The judgment is reversed, and the 

matter is remanded to the Superior Court for further proceedings consistent with this opinion.

 So ordered.

FOOTNOTES
[Note 1] Conservation Commission of Lynnfield. 

[Note 2] The commission continued the hearing each time because no one from BCWC was present to participate, with the exception of the reopened hearing conducted on December 17, 2019. On that date, counsel for BCWC appeared at the hearing and expressed BCWC's position that the commission no longer had jurisdiction over the proposed project. Counsel stated, however, that BCWC was not withdrawing its notice of intent, and the hearing was continued without BCWC's assent. 

[Note 3] The parties agree that the town bylaw is more protective than the act, and that it requires an application to be filed whenever a person seeks "to remove, fill, dredge, build upon, degrade, discharge into or otherwise alter" a resource area, or the "no-build" or "no-disturb" buffer zones of a resource area. 

[Note 4] Some reasons cited by the defendants include that the commission has more control over when it issues a decision than it does in ensuring a quorum is present for a timely hearing, that a minor delay of a hearing is unlikely to prejudice an applicant, and that divesting the commission of jurisdiction in these circumstances will promote bad faith and tactical filings by applicants. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.