NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-923

KENNETH MACDONALD & another[1]

vs.

DEPARTMENT OF ENVIRONMENTAL PROTECTION & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Kenneth and Jodi MacDonald, appeal from a judgment of the Superior Court affirming a final order of conditions issued by the Department of Environmental Protection's (DEP) Office of Appeals and Dispute Resolution (OADR) granting defendant Kristen Kazokas permission to carry out proposed work on her property in Littleton (property).[3] We conclude that the OADR acted within its discretion in declining to include the accuracy of the wetlands delineations as an issue

---

[1] Jodi MacDonald.

[2] Conservation Commission of Littleton and Kristen Kazokas.

[3] This case was paired for oral argument with A.C. Docket No. 23-P-1131 (MacDonald vs. Kazokas), also released today.

on appeal.  We also conclude that the OADR acted within its discretion in limiting a site visit to verifying the updated wetland delineations.  Finally, concluding that the OADR acted within its discretion by finding that Kazokas did not perform "unauthorized work" on her property during the pendency of the proceedings before the OADR, we affirm.

1.  Standard of review.  We review a judge's ruling on a motion for judgment on the pleadings de novo.  See Boston Clear Water Co. v. Lynnfield, 100 Mass. App. Ct. 657, 660 (2022).  Under G. L. c. 30A, § 14, "[w]e shall uphold an agency's decision unless it is based on an error of law, unsupported by substantial evidence, unwarranted by facts found on the record as submitted, arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law."  Massachusetts Sober Hous. Corp. v. Automatic Sprinkler Appeals Bd., 66 Mass. App. Ct. 701, 704-705 (2006).  "Substantial evidence [is] such evidence as a reasonable mind might accept as adequate to support a conclusion."  Cave Corp. v. Conservation Comm'n of Attleboro, 91 Mass. App. Ct. 767, 773 (2017), quoting Healer v. Department of Envtl. Protection, 75 Mass. App. Ct. 8, 13 (2009).

"An agency's finding 'must be set aside if "the evidence points to no felt or appreciable probability of the conclusion or points to an overwhelming probability of the contrary."'"  Rodgers v. Conservation Comm'n of Barnstable, 67 Mass. App. Ct.

2

200, 205 (2006), quoting New Boston Garden Corp. v. Assessors of Boston, 383 Mass. 456, 466 (1981).  As a reviewing court, we consider "the entire record, . . . [and] shall give due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it."  G. L. c. 30A, § 14 (7).  See Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992).

2.  Expansion of the issues.  Under 310 Code Mass. Regs. § 10.05(7)(j)(2)(b)(v) (2014), an aggrieved party's notice of appeal shall include "a clear and concise statement of the alleged errors contained in the Reviewable Decision."  Moreover, 310 Code Mass. Regs § 1.01(6)(k) (2004) states that "[t]he Presiding Officer shall, absent good cause shown, limit the issues for adjudication to the issues identified in the notice of claim, more definite statement, and any motions to participate or intervene, or as identified at the prescreening conference."  Additionally, G. L. c. 30A, § 11 (1), provides that parties in adjudicatory proceedings before State agencies "shall have sufficient notice of the issues involved. . . . [W]here subsequent amendment of the issues is necessary, sufficient time shall be allowed . . . to afford all parties reasonable opportunity to prepare and present evidence and argument respecting the issues" (emphasis added).

3

Here, the DEP issued a superseding order of conditions (OOC) for portions of Kazokas's project that fell under the State wetlands regulation on October 3, 2017.  The plaintiffs' notice of appeal, dated October 16, 2017, listed seven bases for their appeal, of which the accuracy of the wetlands delineation was not included.  On January 17, 2018, the plaintiffs submitted a prehearing statement, wherein they reiterated the same seven grounds listed in their notice of appeal.  On January 26, 2018, the OADR presiding officer held a prescreening conference to identify the issues to be resolved on appeal, and thereafter on January 29, 2018, the presiding officer issued a prehearing report and order identifying two issues for resolution on appeal:  (1) whether the plaintiffs had standing to challenge the superseding OOC, and, if so, (2) "whether the proposed work authorized by the [superseding OOC] has been conditioned to meet the requirements of 310 CMR 10.53(1) for activities in Buffer Zone to the protected wetland areas of Bank, Bordering Vegetated Wetlands, and Land Under Water."

On February 16, 2018, the plaintiffs filed a motion for an extension of time and to compel discovery wherein they raised, for the first time in the proceedings before the OADR, the accuracy of the wetlands delineation as an issue on appeal.[4]

---

[4] The plaintiffs' motion also requested that their expert witness be permitted to gain access to the Kazokas's property

4

Following the filing of the plaintiffs' motion, both Kazokas and the DEP filed oppositions. On June 8, 2018, the OADR presiding officer denied the plaintiffs' motion to compel discovery, ruling that the motion (1) was untimely and interposed for delay, (2) did not seek discovery of information relevant to the issues on appeal, and (3) was supported by a "vague or incomplete" affidavit from the plaintiffs' expert.

The OADR presiding officer acted within his discretion in declining to expand the issues on appeal to include the accuracy of the wetlands delineation. First, as noted above, the plaintiffs did not raise the issue of the accuracy of the delineation as one of the bases for their appeal, as required by 310 Code Mass. Regs. § 10.05(7)(j)(2)(b)(v). Second, the plaintiffs failed to present evidence of "good cause" warranting expansion of the issues on appeal. See 310 Code Mass. Regs § 1.01(6)(k). As noted by the presiding officer, the plaintiffs' expert's affidavit in support of the motion to compel discovery merely noted the difficulties of performing testing during the winter. The affidavit provided no basis for believing that there were any problems with the existing wetlands delineations or that such testing was necessary. Third, and relatedly, based on the affidavit's meager showing,

during the spring because of the difficulties of identifying wetlands in winter.

5

the presiding officer reasonably concluded that an amendment of the issues on appeal was not "necessary." G. L. c. 30A, § 11 (1). Thus, the OADR presiding officer acted within his discretion in declining to expand the issues on appeal to include the wetlands delineation. See Commercial Wharf E. Condominium Ass'n v. Department of Envtl. Protection, 93 Mass. App. Ct. 425, 433-434 (2018), quoting Zachs v. Department of Pub. Utils., 406 Mass. 217, 227 (1989) ("where . . . the evidentiary or discovery ruling is bound up with matters of agency procedure, 'agencies have broad discretion over procedural matters before them'").

3. Wetlands delineation. Notwithstanding the OADR presiding officer's decision to exclude the issue of the wetlands delineation on appeal, the plaintiffs argue that the issue was subsequently raised by Kazokas when her expert performed a wetlands delineation on a portion of the property where there had been none prior. The plaintiffs contend that the updated delineations called into question the accuracy of all delineations on the property, and thus, required the reexamination of all such delineations. For support, the plaintiffs point to 310 Code Mass. Regs. § 10.55(2)(c)(2), which provides that when wetlands delineations are "not presumed accurate . . . credible evidence shall be submitted by a competent source demonstrating that the boundary . . . is the

6

line within which 50% or more of the vegetational community consists of wetland indicator plants and saturated or inundated conditions exist."

Here, despite the presiding officer's June 2018 ruling limiting the issue on appeal, the plaintiffs submitted prefiled testimony from their expert raising the issue of the accuracy of the wetlands delineations. In particular, the expert opined that he observed a fringe of the Bordering Vegetated Wetlands (BVW) that extended within the fifty-foot "Title V setback" zone of the Kazokas's proposed septic system. In response, Kazokas submitted prefiled testimony from David Cowell, who testified about a site assessment he conducted in 2018:

> "At a single isolated location between wetland flags #2 and #3 . . . there . . . [was] a negligible discrepancy in which the jurisdictional wetland extended no more than 1 to 2 horizontal feet beyond the wetland flags. Otherwise, at no other location did I observe jurisdictional wetlands beyond the wetland flags, and at no point are there any jurisdictional wetlands 8 to 12 feet beyond the wetland delineation flags, as [the plaintiffs' expert] testifies."

Cowell further testified that he performed a wetland delineation of the BVW along the shoreline of Kazokas's property and the "seep," as described by the plaintiffs' expert, where there had been no prior delineation. The DEP subsequently sought leave to conduct a site visit limited to the updated delineations along Kazokas's property. The OADR presiding

7

officer granted the DEP's request for leave, and an October 2018 site visit took place with both experts in attendance.

On appeal, the plaintiffs assert that the OADR's decision to limit the October 2018 site visit to exclude reexamination of the wetland delineations along the intermittent stream was arbitrary and capricious. We disagree. First, although 310 Code Mass. Regs. § 10.55(2)(c)(2) provides that the "issuing authority must evaluate" a wetlands boundary if presented with "credible evidence," the plain language of the statute does not require such evaluation to occur in person, as the plaintiffs posit. Rather, given that the accuracy of the wetlands delineation was not an issue on appeal, the OADR was entitled to credit Cowell's conclusion that the intermittent stream was "not relevant for the permitting of this project," as it "f[ell] entirely internal to the BVW flags . . . and the buffer zones broadcast from Inland Bank [of the stream] are less restrictive than the BVW buffer zones detailed on the plan." Accordingly, the presiding officer's decision to limit the site visit to the updated delineations was not arbitrary and capricious.[5] See Duggan v. Board of Registration in Nursing, 456 Mass. 666, 674

---

[5] Given our conclusion that the OADR presiding officer properly acted within his discretion in limiting the site visit to verification of the updated delineations, we also conclude that the OADR's decision to affirm the superseding OOC was based on substantial evidence. See Cave Corp., 91 Mass. App. Ct. at 773-774.

(2010), quoting Cobble v. Commissioner of the Dep't of Soc. Servs., 430 Mass. 385, 393 n.8 (1999) ("[I]t is for the agency, not the reviewing court, to weigh credibility of witnesses and resolve factual disputes involving contradictory testimony).

4. Work during appeal. Under 310 Code Mass. Regs. § 10.05(7)(j)(2)(g), "[n]o work shall be undertaken until all administrative appeal periods from a Reviewable Decision have elapsed . . . ." "Work" or "activity" is defined as "any form of draining, dumping, dredging, damming, discharging, excavating, filling or grading; . . . the destruction of plant life; and any other changing of the physical characteristics of land." 310 Code Mass. Regs. § 10.04. Under 310 Code Mass. Regs. § 10.02(2)(b)(1), however, "[m]inor activities . . . within the buffer zone . . . are not otherwise subject to regulation under [G. L. c. 131, § 40] . . . ." Such "minor activities" include "[v]egetation cutting for road safety maintenance" insofar as it is limited to the "[r]emoval of diseased or damaged trees or branches that pose an immediate or substantial threat to driver safety from falling into the roadway." 310 Code Mass. Regs. § 10.02(2)(b)(2)(n).

On October 20, 2017, Kazokas emailed a DEP supervisor regarding "tree work done for safe and clear passage" along her driveway. In her email to the DEP supervisor, Kazokas noted that she understood the "tree work" to be "minor activity within

9

the buffer zone that is not otherwise subject to regulations as explained in 310 CMR 10.2 (2) (b)." The DEP's expert later testified that she conducted a site visit shortly after Kazokas's email, where she observed that there was no "stump[ing]" of trees in the buffer zone, and thus, no violation. Based on the site visit, she made the determination "not to advance with enforcement."

Here, based on the evidence before it, the OADR was entitled to credit the DEP expert's opinion that the "work" Kazokas completed "could also be done without a permit." Moreover, the OADR could credit Kazokas's testimony that she had been in "frequent communication" with the DEP regarding work done on her property, including activities that were conducted outside of the buffer zone, and that both the DEP and the Conservation Commission of Littleton had visited her property and given her permission to conduct the work. Faced with this evidence, the OADR was entitled to determine that Kazokas did not perform any unauthorized work on her property during the pendency of the appeal before the OADR.[6] See Duggan, 456 Mass. at 674. See also Beverly Port Marina, Inc. v. Commissioner of

---

[6] We note that, although 310 Code Mass. Regs. § 1.01(10) permits the presiding officer to impose sanctions on a party that performs unauthorized work during the pendency of an appeal, we are aware of no authority that requires the denial of an otherwise proper permit in such circumstances.

10

the Dep't of Envtl. Protection, 84 Mass. App. Ct. 612, 620 (2013), quoting Cobble v. Commissioner of the Dep't of Soc. Servs., 430 Mass. 385, 390 (1999) (courts "defer to the agency on questions of fact and reasonable inferences drawn from the record").

Judgment affirmed.

By the Court (Neyman,
 Ditkoff & Englander, JJ.[7]),

*Paul Little*

Clerk

Entered:  December 30, 2025.

---

[7] The panelists are listed in order of seniority.